**Billy Joe BRANUM, Appellant–Respondent,**

v.

**STATE of Indiana, as Assignee of the Support Rights of Leisa K. Sandlin, Appellee–Petitioner.**

**No. 40A01–0408–JV–371.**

Court of Appeals of Indiana.

June 23, 2005.

Brief on Rehearing at 1. We grant Branum's petition for rehearing for the limited purpose of addressing that issue, and we reaffirm our opinion.

In *Branum v. State*, 822 N.E.2d 1102, 1104 (Ind.Ct.App.2005), we remanded for a new contempt hearing. And we instructed the trial court that if it should find Branum in contempt and impose a sentence upon remand, it must specify "that Branum can obtain his release from incarceration upon complying with the child support order." *Id.* at 1105. But Branum maintains that the trial court must go further and "make sure that the child support order upon which release [is] conditioned [is] in any way attainable by Branum." Appellant's Brief on Rehearing at 4. We must agree.

Indeed, in *Pettit v. Pettit*, 626 N.E.2d 444, 447 (Ind.1993), our supreme court held that "contempt [is not] available in every case where a child support delinquency arises. Only upon a finding by the court that the delinquency was the result of a willful failure by the parent to comply with the support order *and that the delinquent parent has the financial ability to comply* is contempt available." (Emphasis added); *see also Shillitani v. United States*, 384 U.S. 364, 371, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966) (holding that "the justification for coercive imprisonment as applied to civil contempt depends upon the ability of the contemnor to comply with the court's order."). Here, our review of the record does not indicate whether the trial court inquired into Branum's present ability to comply with the order or made any finding on that issue. We hold that, on remand, the trial court must determine whether Branum has the financial ability to comply with the support order before any contempt finding is made.

Thomas M. Frohman, Beth K. Silberstein, Indiana Legal Services, Bloomington, for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION ON REHEARING

NAJAM, Judge.

Billy Joe Branum has filed a petition for rehearing asking that we clarify our holding regarding his sentence for contempt for failure to pay child support. In particular, Branum asserts that we "failed to adequately explain that conditioning a contemnor's release from a civil contempt jail sentence on his willingness to comply with the child support order is legally allowable only if the contemnor has the current ability to comply with the order." Appellant's

With the foregoing clarification, we reaffirm our opinion.

KIRSCH, C.J., and VAIDIK, J., concur.