**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**BRYAN LEE CIYOU**
**LORI B. SCHMELTZER**
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**TRINA GLUSENKAMP GOULD**
Helmke Beams, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF HARRIS, | ) | |
| | ) | |
| ANGELA HARRIS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1403-DR-86 |
| | ) | |
| ERIC HARRIS, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Carolyn Foley, Special Judge
Cause No. 02D07-0207-DR-496

**December 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Angela Harris appeals the trial court's contempt findings, the sanction it imposed, and the suspension of her parenting time. We reverse and remand.

## Issues

Angela raises three issues, which we restate as:

I. whether the trial court properly found Angela in contempt for her actions on January 22, 2014, and January 26, 2014;

II. whether the trial court properly suspended her parenting time; and

III. whether the trial court properly ordered her to serve ten days of the 180-day suspended sentence it had previously imposed for her actions on February 17, 2014.

## Facts

While Angela and Eric Harris were married they had two children, Em.H., born in August 1996, and Ev.H., born in June 1997. The couple's marriage was dissolved in 2005. Angela and Eric were awarded joint legal custody, Angela was awarded primary physical custody, and Eric was awarded parenting time consistent with the Indiana Parenting Time Guidelines. Since the dissolution, Angela and Eric's relationship has been acrimonious at best, and there is a long history of Angela interfering with Eric's parenting time.

In March 2012, Eric was awarded physical custody of the children. In August 2012, the trial court found that Angela had alienated the children from Eric and stayed the enforcement of the March 2012 order pending an investigation by a guardian ad litem.

2

Although the trial court reaffirmed its order awarding Eric physical custody of the children in January 2013, the children continued to reside with Angela, and Eric exercised parenting time.

The trial court held hearings on December 31, 2013, and January 17, 2014, addressing various outstanding petitions including four contempt petitions by Eric, presumably based on Angela's interference with his parenting time, and Angela's petition to modify custody. At the conclusion of the January 17, 2014 hearing, the trial court denied Angela's request to modify custody and granted the contempt petitions. The trial court observed, "We have two kids who are . . . 16 and 17 years of age who are apparently either running the show or the victims of the show and -- either way, it does not reflect well on either parent." December 31, 2013 Hr. Tr. p. 142. As a sanction for the contempt, the trial court sentenced Angela to 180 days in the Allen County Jail, suspended upon her cooperation with court-ordered family counseling. The trial court ordered the children to leave the courthouse with Eric and for Angela to have parenting time with them pursuant to the Indiana Parenting Time Guidelines. The trial court then explained its order, including Angela's suspended sentence, to the children and informed them that, if they failed to abide by the trial court's order, Eric and Angela were "to promptly file a Leaving Home Report, and [the trial court] will take jurisdiction over [the children] as a delinquency matter." Id. at 151.

The trial court's January 17, 2014 ruling was reduced to a written order on February 12, 2014. The order also explained that Angela "may be purged of said

3

contempt by wholly complying with the Court's Orders regarding parenting time and custody." Appellee's App. p. 3.

On January 22, 2014, Angela exercised visitation with the children and, when she returned them to Eric's house, they refused to get out of the car. Angela called Eric from her car and asked him to the get the kids, and he responded, "'They're not babies or invalids. They can get out of the car and come to the door.'" February 12, 2014 Hr. Tr. p. 30. Angela then called the police, who were unable to get the children out of the car. Eventually the police officer instructed Angela "to take the kids and leave." Id. at 21.

At some point the children returned to Eric's house, and Angela exercised visitation from January 24, 2014, through January 26, 2014. When Eric arrived at Angela's house to pick up the children, they went out to Eric's car and spoke with him but refused to return to Eric's house. Angela watched the interaction from inside the house.

Eric filed two separate contempt petitions for these incidents. On February 12, 2014, the trial court held a hearing on Eric's contempt petitions. Em.H testified at the hearing that, although the police officer told her to get out of the car, she just did what made her happy. See id. at 40. Em.H. agreed that she was disobeying her mother, her father, and the trial court. Ev.H. did not testify at the hearing.

At the conclusion of the hearing, the trial court stated:

> It's simply not enough to say my kids are going to say no, and I'm going to drive off with them. That's not enough. I -- frankly, in the 20 years that I have been involved in the criminal justice system, as well as the family law system in Allen County and surrounding counties, I have never seen

4

this level of disobedience to Court orders in any case, ever.
Ever.

February 12, 2014 Hr. Tr. pp. 49-50. The trial court also explained that leaving home reports had been filed with the juvenile probation department. The trial court found Angela in contempt but continued her suspended 180-day sentence. The trial court also temporarily abated Angela's parenting time and ordered her to undergo a psychological evaluation. After Angela and her attorney were excused from the courtroom in an effort to peacefully transfer custody, Eric, his attorney, Em.H., and Ev.H. remained in the courtroom, and the trial court admonished the children. The trial court stated in part:

> Because of your mother's lack of compliance with this Court's order and, frankly, because of your lack of compliance with this Court's order, your mother's parenting time has been suspended. . . . I am admonishing both of you, at this point in time, that you screw with my orders again, you will not be living with your father. You will not be living with your mother because I will, indeed, find you in contempt of court and order your removal for such as consequences for those actions.

Id. at 55-56.

This order was reduced to writing on February 18, 2014. On the issue of parenting time, the trial court found, "The Court finds that it is in the children's best interest, due to Mother's continued noncompliance, that her parenting time is temporarily suspended until further Order of the Court." Appellant's App. pp. 49-50.

On February 18, 2014, Eric filed a contempt petition alleging that on February 17, 2014, Angela's parents picked the children up from school prior to their dismissal and that Angela then picked the children up from her parents' house and failed to return them

5

to Eric. On March 7, 2014, the trial court held a hearing on this petition at which Angela appeared pro se. The evidence showed that the children signed themselves out of school and were later located at Angela's parents' house with the help of the police. Because they did not have the trial court's most recent order showing that Angela's parenting time had been suspended, the police ordered Eric to leave and allowed the children to remain with Angela. When the order was issued, Eric met the police at Angela's house and the children were returned to him.

At the conclusion of the hearing, the trial court found Angela in contempt and ordered her "confined at the Allen County Jail for a period of ten days. The balance of the 170 days will remain suspended conditioned upon compliance with this Court's orders regarding parenting time and custody." March 7, 2014 Hr. Tr. p. 73. In an order issued that same day, the trial court explained:

> C. The Court finds that despite numerous attempts by the Court to ensure [Angela's] compliance with this Court's orders, the most extreme sanction of incarceration is required in this matter due to [Angela's] continuing non-compliance with Orders regarding custody and parenting time.
>
> D. The previously imposed suspended confinement order is hereby executed. Angela Harris is ordered confined to the Allen County Confinement Facility for 10 days; 170 days remain suspended. . . .

Appellant's App. p. 55.

On March 14, 2014, Angela filed her notice of appeal of the February 12, 2014 ruling. On April 4, 2014, Angela filed her notice of appeal of the March 7, 2012 ruling, and the appeals were eventually consolidated.

## Analysis

### I. February Contempt Findings

Angela argues that the trial court abused its discretion in finding her in contempt for her actions on January 22, 2014 and January 26, 2014. Eric argues that Angela forfeited her right to appeal this finding because her notice of appeal was not timely filed. Eric contends that, because Angela's notice of appeal referenced the trial court's February 12, 2014 judgment or order, she did not timely file a notice of appeal of the February 18, 2014 order as required by Indiana Appellate Rule 9(A). Although Angela's notice of appeal references the trial court's February 12, 2014 ruling, she attached the February 18, 2014 written order to her notice of appeal. Thus, it is clear that Angela's mention of the February 12, 2014 judgment or order was referring to the trial court's ruling from the bench, which was memorialized in February 18, 2014 order.[1] Under these circumstances, Angela did not forfeit her right to appeal the contempt finding.[2]

As to the merits of Angela's claim, "[a] party that is willfully disobedient to a court's order may be held in contempt of court." Witt v. Jay Petroleum, Inc., 964 N.E.2d 198, 202 (Ind. 2012). "Whether a person is in contempt of a court order rests within the trial court's discretion, and we review the trial court's finding for an abuse of discretion." In re G.B.H., 945 N.E.2d 753, 755 (Ind. Ct. App. 2011). An abuse of discretion occurs only when the trial court's decision is against the logic and effect of the facts and

---

[1] Assuming time began to run for filing a notice of appeal on February 12, 2014, Angela's March 14, 2014 notice of appeal was timely filed on the thirtieth day as required by Appellate Rule 9(A).

[2] Eric also argues that Angela may not challenge the suspension of her parenting time, which was ordered at the same time. Because of our conclusion that Angela's notice of appeal was timely filed, she has not forfeited her right to appeal that issue either.

circumstances before the trial court. Id. "We do not reweigh the evidence or judge the credibility of witnesses, and we will affirm the trial court's contempt finding unless review of the record leaves us with a firm and definite belief that a mistake has been made." Id.

Regarding the January 22, 2014 incident, Angela drove the children to Eric's house, and they refused to get out of the car. Angela then sought assistance from Eric, who declined to intervene, and the police. It is clear that the children ignored Angela's instructions and the instructions of a police officer. In fact, Em.H. testified that, although the police officer told her to get out of the car, she did not do so.

Likewise, on January 26, 2014, Eric arrived at Angela's house at the conclusion of her parenting time. Angela remained inside while the children went outside and talked to Eric. Eric testified, "they said they weren't coming back. And I said, you don't have a choice. I'm here to pick you up. Go get your bags so we can go. They ran in the house, closed the door." Id. at 32-33. Eric then made a police report of the incident. At the hearing, Em.H. acknowledged that she was disobeying her mother, her father, and the trial court.

In MacIntosh v. MacIntosh, 749 N.E.2d 626, 630 (Ind. Ct. App. 2001), trans. denied, upon which Eric relies to support his argument that the trial court did not abuse its discretion in finding Angela in contempt, we held that a parent with legal custody and authority over her minor daughters "was impliedly ordered to make reasonable efforts to ensure that the children complied with the scheduled parenting time." Even with her history of parental alienation, the undisputed evidence shows that Angela made

8

reasonable efforts to ensure the children complied with the trial court's order and that they outright refused to comply. In fact, the trial court acknowledged the children's complete disregard for its custody and parenting time orders throughout these proceedings and initiated delinquency proceedings against the children.

We acknowledge and understand that this situation, particularly when older children are involved, is incendiary and frustrating for a trial court. We do not condone nor do we support the obvious flaunting of the trial court's orders by children who are old enough to know better. We also understand that Angela may very well have worked to alienate the children against Eric. However, based on this record, the evidence that Angela was contemptuous is lacking. Although the trial court was understandably frustrated with the children's refusal to cooperate, the evidence does not show that Angela willfully disobeyed the order when her sixteen-and seventeen-year-old children refused to return to Eric's house, and the trial court abused its discretion in finding Angela in contempt on these occasions.

## II. *Suspension of Parenting Time*

Angela argues that the trial court erred in not issuing the necessary findings before suspending her parenting time and that there is no evidence to support the decision to suspend her parenting time. Indiana Code Section 31-17-4-2 provides:

> The court may modify an order granting or denying parenting time rights whenever modification would serve the best interests of the child. However, the court shall not restrict a parent's parenting time rights unless the court finds that the parenting time might endanger the child's physical health or significantly impair the child's emotional development.

9

Our supreme court has explained,

> Extraordinary circumstances must exist to deny parenting time to a parent, which necessarily denies the same to the child. If the trial court finds such extraordinary circumstances do exist, then the trial court shall make specific findings regarding its conclusion that parenting time would endanger the child's physical health or significantly impair the child's emotional development.

Perkinson v. Perkinson, 989 N.E.2d 758, 765 (Ind. 2013). Regarding the suspension of parenting time, the trial court's order provided, "The Court finds that it is in the children's best interest, due to Mother's continued noncompliance, that her parenting time is temporarily suspended until further Order of the Court." Appellant's App. pp. 49-50. This finding does not show that that parenting time would endanger the children's physical health or significantly impair the children's emotional development as required by Perkinson.

Angela also argues that there is no evidence to support such a finding. We disagree. The record discloses an ongoing pattern of parental alienation by Angela about which the trial court was very concerned. Whether this rises to the level of significantly impairing the children's emotional development is a matter for the trial court to determine on remand. Thus, we remand for the trial court to issue findings regarding whether parenting time would endanger the children's physical health or significantly impair their emotional development or to restore Angela's parenting time.

### III. *March Contempt Finding*

Finally, Angela claims that the trial court improperly ordered her to execute ten days of her 180-day sentence in the Allen County Jail without giving her the opportunity

10

to purge herself of the contempt based on her conduct in February 17, 2014. However, it is unnecessary to decide this issue today because she also argues that she was incarcerated without being informed of her right to counsel. We have observed, "[i]t is crystal clear that a person may not be incarcerated by the state without first being advised of his constitutional right to counsel, and, if indigent, without having counsel appointed to represent him, whether the contempt proceedings are initiated by a private person or the state." Branum v. State, 822 N.E.2d 1102, 1104 (Ind. Ct. App. 2005) (quotations omitted) (alteration in original), clarified on reh'g, 829 N.E.2d 622 (Ind. Ct. App. 2005).

In Branum, a contempt petition was filed alleging that Branum was behind in his child support payments, and the trial court found him in contempt. Branum, who appeared pro se at the contempt hearing, was not advised of his right to counsel and was sentenced to 120 days. On appeal, Branum argued that the trial court erred when it did not advise him of his right to counsel at the contempt hearing. We agreed and reversed the contempt finding and remanded for a new hearing. Id.

Similarly, Angela was not represented by counsel at the March 2014 hearing where she appeared pro se. Eric points out that Angela was represented by counsel at the January 2014 and February 2014 hearings and that she was admonished in the February 18, 2014 order that her failure to comply with the purge conditions would result in her suspended sentence being executed. Regardless, Angela was not advised of her right to counsel and did not have the benefit of counsel at the hearing at which she was found in contempt and sentenced to serve ten days of her previously-suspended sentence. Thus, we reverse this contempt finding and sanction. However, because the record indicates

11

that Angela has already served the ten-day sentence, it is unnecessary for us to remand for a new hearing on the petition.[3]

## Conclusion

The trial court abused its discretion in finding Angela in contempt for the children's refusal to return to Eric's home on January 22, 2014, and January 26, 2014. Because the trial court did not issue the necessary findings when it suspended Angela's parenting time, we remand for the trial court to issue such findings or to restore Angela's parenting time. Finally, we reverse the trial court's March 2014 contempt finding because Angela appeared pro se at the hearing and was not advised of her right to counsel. We reverse and remand.

Reversed and remanded.

BRADFORD, J., and BROWN, J., concur.

---

[3] The transcript of the March 7, 2014 hearing indicates that Angela was escorted from the courtroom by police officers, presumably to begin serving her sentence.